UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR (VICKY) ALFONSO VELAZQUEZ VELAZQUEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, ET AL.,<br><br>Respondents. | Case No.  26-cv-3108-RFL-SBC<br><br>**ORDER GRANTING PETITION FOR HABEAS CORPUS** |

Petitioner Vicky Alfonso Velazquez Velazquez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241, requesting immediate release or a bond hearing.  (Dkt. No. 1 ("Petition").)  Petitioner asserts that her detention violates her rights to procedural and substantive due process under the Fifth Amendment, and violates the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA").  The government responded to the Petition, stating that the statutory authority to detain Petitioner is under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a).  (Dkt. No. 4 at 2.)[1]  The government acknowledges that this Court and other courts in the District have concluded that individuals in Petitioner's circumstances are not subject to mandatory detention and that "if the Court adheres to its prior decisions, as the facts are not materially distinguishable for purposes of the Court's decision, . . . the government does not oppose the petition and defers to the Court on the appropriate relief."  (*Id.* at 2–3.)  For the reasons described below, the petition for writ of habeas corpus is **GRANTED**.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United

---

[1] Citations to page numbers refer to ECF pagination.

1

States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner, a citizen of Mexico, "entered the United States on or about May 30, 2022, at or near San Ysidro, California to seek asylum and protection from persecution due to her sexual orientation and gender identity." (Petition ¶¶ 17–18.) She was processed upon entry, promptly released—presumably on parole—and permitted to reside in the United States pending resolution of her immigration case. (Dkt. No. 1-2 ¶ 3.) She applied for asylum and was granted work authorization. (*Id.* ¶ 4; Petition ¶¶ 19–21.) During this time, she has "complied with all her immigration obligations. She has no criminal history in the United States or any other country in the world." (Petition ¶¶ 19, 22.) On May 6, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") when she and her friends lawfully visited a military base in San Diego County. (*Id.* ¶ 23.) She has been detained at the Otay Mesa Detention Center "where she remains detained in the men's housing unit despite telling ICE officers that she is a transgender woman." (*Id.* ¶ 24.) The government does not assert that there have been any changed circumstances since Petitioner was released into the United States in 2022.

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection applies to non-citizens as it does U.S. citizens. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896). This Court and many others have previously found that

individuals released from immigration custody on bond or parole have a protectable liberty interest in remaining out of custody. *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 932 (N.D. Cal. 2025) (listing cases). Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (cleaned up) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

The undisputed material facts in this case are identical to *Valencia Zapata*. Petitioner was living freely in the United States for nearly four years after the government made the determination to release her. Then, despite no material change of circumstances suggesting that Petitioner had become a flight risk or a danger to the community, she was abruptly re-detained without notice or a hearing. Therefore, for the reasons explained in *Valencia Zapata*, Petitioner has a protectable liberty in remaining out of custody and her re-detention without notice or a hearing violates her procedural due process rights. 801 F. Supp. 3d at 933–38. Furthermore, Petitioner's detention violates substantive due process because the government previously determined that Petitioner should be released, and does not assert that there has been a material change of circumstances. *Id.* at 939–40. "By releasing Petitioner[], immigration officers necessarily determined that" she was neither a "flight risk[] nor [a] danger[] to the community." *Id.* at 938. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Therefore, the petition is granted because Petitioner's detention violates her procedural and substantive due process rights.

Because the Court grants the Petition on constitutional grounds and grants the relief Petitioner seeks (as discussed below), this Order does not reach Petitioner's statutory claims.

### III.    REMEDY

Upon finding a constitutional violation, a district court "may" grant a writ of habeas corpus and "dispose of the matter as law and justice require." 28 U.S.C. § 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The typical remedy is appropriate here to address the due process violations. Furthermore, to ensure that Petitioner's release pursuant to this Order is not "rendered meaningless," it is necessary to enjoin the government from re-detaining Petitioner without due process and a proper justification. *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 321–22 & nn.19–20 (E.D.N.Y. 2025) (collecting cases); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019). As a result, the relief ordered below falls within the core of habeas.

### IV.     CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **GRANTED**. Respondents shall release Petitioner with all of her belongings including her identification documents within **24 hours** of the filing of this Order. Petitioner shall be released under the same terms and conditions of her initial release in 2022. Respondents shall not re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that she poses a flight risk or danger to public safety such that she must be detained, and that a material change in circumstances justifies her detention.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: May 26, 2026

RITA F. LIN
United States District Judge